Martin C. MOORE, Appellant,

v.

SQUARE D COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 6, 1974.

Rehearing Denied March 7, 1975.

Julian R. Gabbard, Lexington, for appellant.

W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, for Square D Co. and American Mut. Liability Ins. Co.

Earl M. Cornett, Arthur R. Samuel, Dept. of Labor, Frankfort, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board entered an order awarding compensation to Martin C. Moore for total permanent disability as the result of a heart attack (myocardial infarction) which the board found to have occurred in the course of his employment with Square D Company and which the board found arose out of his employment in the sense that his work was a causative factor. Although in the proceedings before the board the Special Fund was a party, the board did not apportion any of the liability for compensation to the Special Fund (on the basis of the arousal into disabling reality of a preexisting dormant, nondisabling disease condition), because there was no medical evidence undertaking to apportion causation, percentagewise, between the accident and the preexisting disease.

Square D Company appealed to the circuit court (making Moore and the Special Fund parties) asserting various grounds for setting aside the order of the board, among which were (1) that the evidence

did not sustain the board's finding that Moore's work played a causative part in the heart attack, and (2) that in any event there should have been an apportionment in accordance with KRS 342.121, attributing some of the disability to the preexisting disease condition and imposing proportionate liability on the Special Fund. The claim of insufficiency of the evidence to sustain the award was based on the fact that there was no medical testimony that the heart attack probably was caused by Moore's work.

The circuit court held that the evidence did not warrant the board's finding that Moore's work was a causative factor in the heart attack; accordingly, judgment was entered setting aside the board's award and directing that the claim for compensation be dismissed. Moore has appealed from that judgment.

As we view the case, the question is one of the application, to the facts of this case, of the principles laid down in Hudson v. Owens, Ky., 439 S.W.2d 565.

In Hudson v. Owens there was medical testimony that the employe's work contributed to the heart attack and was a causative factor. Nevertheless, the Workmen's Compensation Board found that the heart attack resulted solely from the natural progress of the employe's preexisting heart disease, and that the disability was not caused by a work-connected event, wherefore the board denied compensation. In affirming the board's decision, this court held that medical evidence is not to be exclusively determinative of whether there was a work-connected event in heart-attack cases, but that the Workmen's Compensation Board is to make the factual determination, of whether there was a work-connected event, from the totality of the circumstances.

■ In Hudson v. Owens the specific application of the rule above stated was that this court upheld a finding by the board that there *was not* a work-connected event, despite medical testimony that the work *probably* caused the heart attack. In the instant case we have the converse situation—the board found that there *was* a work-connected event though the medical witnesses would not say that the work probably caused the attack. The question here is whether the proposition stated in Hudson v. Owens, that medical evidence is not to be exclusively determinative but that the board shall make the factual determination, from the totality of the circumstances, of whether there was a work-connected event, means what it appears to say —that medical testimony is not exclusively determinative either that there *was* a work-connected event or *was not* such an event. We think it does.

■ The trial court in the instant case, giving significance to Markwell & Hartz, Inc. v. Pigman, Ky., 473 S.W.2d 842, held that medical testimony of causation, in the terms of *probability,* remains a prerequisite for a finding that there *was* a work-connected event in a heart attack case, as was the requirement prior to Hudson v. Owens by virtue of the holdings in such cases as Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892. We think the court was in error in so holding.

As concerns Kelly Contracting Company v. Robinson, the line of cases of which that case is representative was overruled, on the point here in issue, by Hudson v. Owens. Kelly clearly was embraced in the overruled group, though not mentioned by name.

In Markwell & Hartz, Inc. v. Pigman the injury involved a loss of hearing, which the employe sought to attribute to his work, over a substantial period of time, of operating a jack-hammer. It is true that this court held in that case that to sustain an award there had to be medical testimony that the work *probably* caused the deafness, and that it was not sufficient for the doctors to say merely that the work *could have* been the cause. That decision can be reconciled with Hudson v. Owens

on the basis that in *Pigman* there was no apparent work-connected event and evidence of causation was available from no other source than medical testimony, there being nothing else to make up the *totality of circumstances* from which the board could find causation. But we think the real distinction lies in the fact that heart-attack cases fall into a special class of their own, to which, historically and necessarily, special rules have been applied. See Larson, "The Heart Cases in Workmen's Compensation," 65 Mich.L.Rev. 441 @ 467. So we do not consider *Pigman* to be authority for the proposition that in heart-attack cases there must be medical testimony that the work *probably* caused the attack.

■ Having determined that, under Hudson v. Owens, the totality of circumstances may warrant a finding of a work-connected event even though there is no medical testimony of probability of work-causation, we proceed to an examination of the circumstances of the instant case to determine whether in toto they will sustain the board's finding of a work-connected event.

Moore, 54 years of age, was employed by Square D Company, in 1969, to build up electrical switch boxes on an assembly line. His duties included lifting the boxes off of flats and onto the assembly line. Some of the boxes were so heavy as to require two men to lift them. In November 1970 Moore experienced some smothering or tightness in his chest, and was treated by Dr. Ballard, who testified that the pains were due to arrhythmia, probably caused by arteriosclerotic heart disease. Dr. Ballard testified that Moore said at that time that he had had 20 to 30 similar episodes in previous years.

On February 1, 1971, near the end of a work shift during which he had performed his usual tasks, he sustained the myocardial infarction which resulted in his disability.

Dr. Olash expressed the opinion that Moore's heart attack was "merely coincidental to" his work, and that although it was *possible* that the work might have triggered the attack, he did not attribute any of the disability to a work-connected event. However, he did not undertake to exclude the work as a possible cause.

The other medical witness, Dr. Ballard, recognized that Moore's work activities *could have been* a cause of the heart attack, but refused to say that they *probably* were. Again, he did not exclude the work as a possible cause.

The circumstances pointed to by Moore as warranting the board's finding of legal causation are: (1) the attack occurred during the course of his work after 6½ to 7 hours of comparatively heavy work; (2) he previously had been able to perform his work without substantial interruption, and this was his first heart attack.

In Terry v. Associated Stone Company, Ky., 334 S.W.2d 926, and again in Hudson v. Owens we rejected the so-called "usual" and "unusual" strain test, and said that a fortuitous unexpected injury to a workman, traceable to the performance of his work, is sufficient to provide the accidental quality demanded by our compensation statute. In the instant case it is our opinion that, without regard to whether Moore's work was light or heavy, or involved stress or strain, the evidence warranted a finding of a fortuitous unexpected injury traceable to the work by virtue of having occurred in the course of the work.

■ Although, as indicated, we hold that the board was justified in finding a causal·connection between the work and the heart attack, we cannot uphold the board's decision that the liability must be imposed wholly on the employer. To sustain that decision the evidence would have to support a finding that the work-connected event would alone have caused the disability. The evidence in the instant case would not support such a finding, because the evidence shows conclusively that Moore had a preexisting heart-disease condition of a serious nature, which clearly played a substantial part in the resulting disability. Actually the board did not find that the work-connected event was the sole cause of the disability; the board refused

to apportion any of the disability to the arousal of the preexisting disease simply because neither of the two medical witnesses made an apportionment. That was not a valid reason. Dr. Olash made no apportionment because it was his opinion that the work had nothing to do with the heart attack, by way of arousal or otherwise. Dr. Ballard made no apportionment because he did not undertake to state positively that the work was a cause. The question of apportionment was not in the case until the board, despite the medical testimony, found that the work was a causative factor. After making that finding, the board should have caused medical evidence to be produced on the question of apportionment.

The judgment is affirmed to the extent that it sets aside the order of the Workmen's Compensation Board assessing full liability for compensation against Square D, but is reversed to the extent that it directs dismissal of the clam for compensation. Judgment shall be entered directing the Workmen's Compensation Board to apportion liability in accordance with this opinion.

All concur.