James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Kling Company, and Aetna Life and Casualty Insurance Company, Appellants,

v.

Carolyn WEINBERGER, widow of Maxwell S. Weinberger, and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1977.

Rehearing Denied Dec. 16, 1977.

Gemma M. Harding, Deputy Gen. Counsel, Dept. of Labor, Louisville, for appellant, James R. Yocom.

Stuart E. Alexander, Louisville, for appellants, Kling Co. & Aetna Life & Cas.

William Kiel, Louisville, for appellee, Carolyn Weinberger.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from the Jefferson Circuit Court which affirmed the Award and Order of the Kentucky Workmen's Compensation Board which found that the death of Maxwell S. Weinberger was the result of a "fortuitous unexpected injury traceable to the work by virtue of it having occurred in the course of his employment" and apportioned the award paid to plaintiff-appellee, Carolyn Weinberger, as follows: a) 10% to be recovered from defendant-appellant, Kling Company, and b) 90% to be recovered from defendant-appellant, The Special Fund.

Maxwell S. Weinberger, deceased (hereinafter referred to as Weinberger), was a buyer-salesman for the defendant-appellant, Kling Company (hereinafter referred to as the Kling Company), when he suffered a fatal heart attack on June 8, 1973. Weinberger had been an employee for the Kling Company for some twenty-five years. Following a heart attack in 1966, Weinberger had been off work eight months and had returned to work for the Kling Company with a 90 percent reduction in his work activities. He had been under constant medical care, consisting of check-ups, prescription of an anticoagulant, restricted diet, and an exercise program.

Since his heart attack in 1966, part of Weinberger's job was to twice yearly update a portion of a catalogue and prepare for a showing of those items handled by the Kling Company. During the week prior to his death, he had been preparing for the Christmas show and catalogue. Plaintiff-appellee, Carolyn Weinberger (hereinafter referred to as Mrs. Weinberger), testified that during that week, Weinberger had worked overtime at home, and that to her he seemed to be under a tremendous strain and pressure. Weinberger had 15 pages out of the catalogue to keep up-to-date. The other salesman all had more than 115 pages to keep up-to-date and testified that they did not have to work overtime and that there was no pressure on them at the Kling Company.

Mr. David Kling, vice-president of the Kling Company, testified that he knew Weinberger was working overtime, and further stated that Weinberger was conscientious and a perfectionist. Following Weinberger's explanation to the other employees of the items he was responsible for in the catalogue, he suffered the fatal heart attack.

The Special Fund questions on appeal whether Weinberger's heart attack was work-related and whether the apportionment for liability of 90% against the Fund and 10% against the Kling Company is supported by the evidence.

In *Moore v. Square D Company*, Ky., 518 S.W.2d 781 (1975), the court stated at page 783 that:

. . . medical evidence is not to be exclusively determinative but that the board shall make the factual determination, from the totality of circumstances, of whether there was a work-connected event, means what it appears to say—that medical testimony is not exclusively determinative that there was a work-connected event or was not such an event.

In the present case, as in *Moore, supra,* the evidence warrants "a finding of a fortuitous unexpected injury traceable to the work by virtue of having occurred in the course of the work." In addition to the testimony of Mr. Kling and Mrs. Weinberger heretofore mentioned, the doctors testified that the stress that Mr. Weinberger was under could have caused the fatal heart attack. The totality of circumstances sustain the Board's findings that the heart attack was work-connected.

KRS 342.120(1)(a) provides that the Special Fund shall be made a party if "The employee is disabled, whether from . . a preexisting disease, or otherwise, and has received a subsequent compensable injury by accident."

Under subsection (4) of KRS 342.-120, any prior occupational disability attributable to Weinberger's pre-existing heart disease should have been excluded in determining the percentage of causation for which the Special Fund was liable when the fatal heart attack occurred. *Young v. Campbell*, Ky., 459 S.W.2d 781 (1970); *Yocom v. Spalding*, Ky., 547 S.W.2d 442 (1977); *Yocom v. Reid*, Ky.App., 24 Ky.L.Summ. 9 (June 17, 1977). In light of the advanced stage of Weinberger's pre-existing heart disease, it is difficult to see how the Board could have avoided finding that there was prior functional impairment and occupational disability after Weinberger's 1966 heart attack. Nevertheless, this issue was never presented to the Board. At no time did the Special Fund claim that there was prior occupational disability which was non-compensable under KRS 342.120(4). The Special Fund argued only that the apportionment should be divided half for it and half for the Kling Company.

The Workmen's Compensation Board apportioned 90% of the award against the Special Fund because of Weinberger's pre-existing heart condition. There is evidence in the record to support this apportionment since a vice-president of the Kling Company testified that Weinberger's workload had been reduced by 90% following his 1966 heart attack. We cannot say that the Board's finding was "clearly erroneous." CR 52.01.

The judgment of the trial court is affirmed.

All concur.