Homer Henry SOWDERS, Appellant,

v.

(The) MASON & DIXON LINES, INC., Special Fund, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 16, 1979.

William A. Watson, Watson & Watson, Middlesboro, for appellant.

Armer H. Mahan, Davis & Mahan, Louisville, Gemma M. Harding, Dept. of Labor,

Louisville, Kenneth Hollis, General Counsel, Dept. of Labor, Frankfort, for appellees.

Before COOPER, GANT and HOWARD, JJ.

COOPER, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court affirming the denial of benefits to appellant, Sowders, under the Workmen's Compensation Act. (KRS Chapter 342—the Act)

There is no real disparity concerning the proven facts in this case. On February 9, 1976, appellant suffered a "heart attack" at work. It was determined that appellant did not sustain a myocardial infarction in which the blood supply is cut off to a portion of the heart muscle due to matter clogging the feeder arteries resulting in the necrosis (death) of part of the heart tissue itself. Rather, it was the undisputed medical conclusion that appellant suffered an attack of angina pectoris. This condition occurs when a person suffering from atherosclerosis (clogged arteries) crosses a certain threshold of exertion. His coronary arteries being wholly or partially blocked with plaque will not permit a sufficient amount of blood to reach the heart muscle. The body's method of "warning" that the heart is not receiving enough blood to sustain the level of activity is through "angina," which is simply chest pain. If the activity is not ceased and/or treatment received, a true heart attack or infarction resulting in permanent damage to the heart tissue can result. Of course, if the blockage is extensive enough, death may follow. Fortunately for the appellant in this case, all he suffered was the warning signal of angina. There was no permanent damage to the heart muscle.

■ Broadly summarized, it is appellant's dual faceted contention that he should be allowed to recover permanent occupational disability benefits because the buildup of plaque and the attack occurred on the job, and because the physical strain of his job duties brought on the attacks. He argues that KRS 342.004 mandates a liberal construction of the Act on questions of law and that causation is a legal, as opposed to a medical, concept.

Accepting all the above as true, we are unable to reach the decision that appellant is entitled to benefits. The medical testimony establishes that while the angina pectoris may be temporary disabling pain, it is merely symptomatic of the underlying atherosclerotic condition. That is the harmful change in the human organism which causes the pain. KRS 342.620(1) defines injury for which compensation may be received as a *work related* harmful change in the human organism. Therefore, to recover benefits in this case the appellant was required to establish that this atherosclerosis (coronary artery disease) was caused by his job.

Taken as a whole, there was nothing in the evidence which showed that anything in appellant's work situation contributed to or increased his risk of contracting coronary artery disease. His disabling condition, therefore, was not an occupational disease in the statutory sense. KRS 342.620(2).

Little, if any, of the evidence in the record would support an inference that appellant's work or working conditions specifically contributed to the buildup of arterial plaque. The medical testimony revealed that although medical science has not determined with precision the causes or origins of coronary artery disease, it is often traceable to heredity and diet. One doctor flatly stated the opinion that appellant's job had nothing to do with the development of his coronary artery disease. Based on our review of the evidence relative to causation, we are unable to find any grounds for holding that the Board's decision was clearly erroneous. On the contrary, we think it was supported by substantial evidence and must therefore be affirmed. *Cf. Holman Enterprise Tobacco v. Carter*, Ky., 536 S.W.2d 461 (1976).

■ The result we reach here must be interpreted in light of the facts of this case. Had appellant suffered permanent damage to his heart muscle and proved that the physical strain of his job precipitated the injury, the outcome of this case could well

have been different. But the employer is not liable for symptomatic—even possibly disabling—pain arising from a diseased condition which is not causally attributable to work performance or working conditions. For example, a worker who has injured his back in a non-job-related accident or who has a congenital back deformity may experience pain when he tries to perform his work duties, but the employer is not liable to furnish compensation for this. He is liable only to the extent of any additional injury, if any, caused by the work itself. To award benefits in this case would have the practical effect of converting the Workmen's Compensation Act into general occupational health and accident insurance. This, in our judgment, reflects neither the policy nor intent of the Legislature in this regard. We base this conclusion on KRS 342.620 wherein the Legislature expressly limited coverage to "work related" injuries or occupational disease.

We therefore ultimately conclude that appellant's disabling condition was not compensable because it was not work related. The decision of the Board was correct as was the affirmance of it by the circuit court. The judgment appealed from is affirmed.

All concur.