Carroll C. PIERCE, Appellant,

v.

KENTUCKY GALVANIZING COMPANY, INC., James R. Yocom, Commissioner of Labor and Custodian of The Special Fund, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 21, 1980.

As Modified April 4, 1980.

Rehearing Denied July 25, 1980.

Discretionary Review Denied
Sept. 16, 1980.

Motion for Reconsideration Denied
Oct. 31, 1980.

Ronald E. Meredith, Elizabethtown, for appellant.

John L. Arnett, Elizabethtown, Denis S. Kline, Dept. of Labor, Louisville, for appellees.

Before COOPER, GANT and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a judgment setting aside a decision of the Workmen's Compensation Board. The Board found that appellant, Carroll C. Pierce, sustained a work-related injury to his heart and awarded him occupational disability benefits. The circuit court set aside the Board's award pursuant to KRS 342.285 as clearly erroneous.

Appellant contends the Board's decision was supported by substantial evidence and, accordingly, should have been affirmed by the court. *Cf. Holman Enterprise Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976). Substantial evidence means evidence of substance and relative consequence having the fitness to induce conviction in the minds of reasonable men. *Smyzer v. B.F. Goodrich Chemical Co.*, Ky., 474 S.W.2d 367 (1971).

The record establishes that appellant, age 52, sustained a myocardial infarction (heart attack) on March 7, 1976, while watching television at his residence. Appellant's principal malady was diagnosed as atherosclerosis commonly known as coronary artery disease. The disease developed over a

long period of time and resulted in the build–up of a substance called plaque in the coronary arteries. The plaque clogs the arteries to the point that the blood circulation to the heart muscle is impaired or blocked. Before complete blockage and a heart attack occurs, symptomatic chest pain associated with coronary artery disease called angina pectoris can occur. In effect, angina is a warning signal indicating that the blood and oxygen supply to the heart at that time is not sufficient. Immediate rest and/or medication is indicated or else a heart attack which could permanently destroy part of the heart muscle tissue, or even cause death, might occur. The evidence shows that appellant did have angina attacks at work and elsewhere, but the only true heart attack he sustained was at home. He had not actually been at work since March 4, 1976.

In order for an injury to be compensable, it must be work–related. KRS 342.620. Appellant testified he had chest pain at work. The evidence shows this was angina pain which stemmed from his coronary artery disease. Symptomatic pain which arises out of a non–work–related functional impairment may not form the basis for an award of benefits. The issue of angina pectoris vis–a–vis work- relatedness was discussed in some detail by this Court in *Sowders v. Mason and Dixon Lines*, Ky. App., 579 S.W.2d 380 (1979). Applying the reasoning contained in *Sowders* to the evidence here, we must reject any implicit finding by the Board that appellant's angina was work–related as a matter of law. Clearly, it originated with his coronary artery disease which was not work related. Any occupational disability directly attributable to the pain would not be work- related and, therefore, could not form a basis for entitlement to benefits.

Apart from any angina based theory of disability, appellant contends his heart attack of March 7th was caused by the physical exertion inherent in his occupation. The record reveals that on a fairly frequent basis, appellant had to lift 75–100 pounds. Since appellant's heart attack occurred some three days after he was last on the job, the question of whether the physical exertion attached to his job "precipitated" his heart attack is uniquely one for the medical experts.

The only real support for appellant's physical exertion argument is found in the testimony of Dr. Lewis, a general practitioner, and it is qualified by reference to appellant's other medical problems which we will discuss in more detail later. Dr. Lewis was of the opinion that hard work could precipitate heart injury and *assumed* that was the case here.

Dr. Handley, the internist who treated Mr. Pierce after his heart attack, stated he, ". . . could not say that the fact that he was in a job doing a strenuous exertion daily that this would be the cause of his heart attack. The cause of his heart attack was the fact that over a period of years he built up sufficient coronary arteriosclerosis in his coronary arteries that he had reached a very vulnerable point, a critical point where certain parts of his heart muscle were not getting enough blood; and this is, as far as we know, the cause of nearly all myocardial infarctions."

Dr. Olash, the cardiologist appointed pursuant to KRS 342.121, was of the opinion that appellant's strenuous work activity bore only a miniscule relationship to his heart attack. Dr. Olash felt the myocardial infarction was an accumulative end result of arteriosclerosis coronary heart disease.

There were medical findings which established that appellant suffered from hypertension (high blood pressure), mild diabetes, obesity, and was a light smoker -all basic risk factors associated with heart attacks. Dr. Olash also found hyperlipodemia which is an elevation of fats in the blood being cholesterols and triglycerides. Hypertension is associated with the build -up of arterial plaque.

The problem facing the court in heart attack cases is, ". . . at what point for compensation purposes shall the element of work connection be viewed as de minimis and the cardiac disability held to be merely

coincidental with, rather than 'caused' by, the work–connected event." *See Hudson v. Owens*, Ky., 439 S.W.2d 565, at p. 569 (1969).

We characterize as minimal the evidence tending to support appellant's claim that his heart attack was work–related. There is clear and substantial evidence which demonstrates that appellant was a likely candidate for a heart attack. None of the recognized risk factors discussed previously were in any way shown to be work–related. There is no contention that appellant's occupation was in the high mental stress category sometimes associated with higher risk of heart attack. There is no claim that his coronary artery disease was in any way caused by his work.

■ Appellant's heart attack did not occur at work. Even if it had, that fact *alone* would not establish causation. *See Armco Steel Corp. v. Lyons*, Ky.App., 561 S.W.2d 676 (1978). Appellant's and the Board's reliance on the "totality of the circumstances" standard contained in *Moore v. Square D Company*, Ky., 518 S.W.2d 781 (1975), is misplaced. *Moore, supra*, permits the Board to go beyond the medical testimony in determining causation, but nothing in the non–medical evidence suggests that appellant's heart disease or heart attack arose out of his employment. It is only Dr. Lewis' opinion which furnishes any shred of support for appellant's position. In light of appellant's established medical history and diagnoses and the opinions of both Dr. Handley and Dr. Olash which substantially hold that the physical exertion involved in appellant's job had, if anything, a miniscule and remote causal relationship to his ultimate heart attack we do not think that, in this context, Dr. Lewis' opinion can be considered substantial evidence. Substantial evidence is not simply some evidence or even a great deal of evidence; rather, substantiality of evidence must take into account whatever fairly detracts from its weight. *Beavers v. Secy. of Health, Education and Welfare*, 577 F.2d 383 (6th Cir. 1978).

If the positions were reversed and Dr. Olash and Dr. Handley had testified based on their medical expertise that appellant's job–related physical exertion was the likely and probable cause of his heart attack and only Dr. Lewis had disagreed, we doubt very seriously if the Board would, or could as reasonable persons, have rejected the former opinions in favor of the latter. But taking the objective medical evidence, i. e., the unquestioned medical diagnosis discussed earlier in conjunction with the internist's and cardiologist's opinions, the only reasonable conclusion to be reached is that appellant's heart attack was caused by his coronary artery disease and not the conditions under which he worked.

■ This case, perhaps, presents an example of the Board being overzealous in liberally construing the Workmen's Compensation Act. The rule of liberal construction does not extend to evidentiary matters. KRS 342.004. The question of work–relatedness in this case was fundamentally an evidentiary one. At most, only a possibility that appellant's heart attack arose out of his employment was established. A mere possibility is not alone sufficient to support the Board's findings of fact. *Terry v. Associated Stone Co.*, Ky., 334 S.W.2d 926 (1960); *Seaton v. Rosenberg*, Ky., 573 S.W.2d 333, 338 (1978).

Our holding does not reflect any lack of sympathy for the appellant who unquestionably has serious cardiac disability. He has simply failed to establish that his heart condition was caused by his work and, because of that, he is not entitled to workmen's compensation benefits.

The judgment appealed from is affirmed.

GANT, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion. The majority has confused "medical causation" with "legal causation" just as if *Hudson v. Owens*, Ky., 439 S.W.2d 565 (1969), had never been written and seems to require medical testimony that the claim-

ant's heart attack was *probably* work–related just as if *Moore v. Square D Company*, Ky., 518 S.W.2d 781 (1975), had never been written. Understandably, the majority avoids a discussion of the facts in *Moore* since they are so similar to those here with the exception that the myocardial infarction here did not take place at work.

Curiously, the majority cites the reasoning in *Sowders v. Mason & Dixon Lines, Inc.*, Ky.App., 579 S.W.2d 380 (1979), as support for the result that it reaches here. In that case, the workman contended in effect that his coronary artery disease was an occupational disease. The Board found that it was not and this Court agreed stating that "there was nothing in the evidence which showed that anything in appellant's work situation contributed to or increased his risk of contracting coronary artery disease." *Id.* at p. 381. In the instant case, there is no claim that the appellant's heart disease is work–related but rather that it was aroused into disabling reality by a work–related event. The Court in *Sowders, supra*, observed that it "could well" have reached a different result had the claimant there suffered damage to his heart muscle precipitated by his work. In short, the analysis used by the majority is inappropriate to this case and amounts to comparing roses to cabbages.

I believe the order of the trial court dismissing the appellant's claim should be reversed.