**Larry D. BEALE, Director of Special Fund, Appellant,**

v.

**Geneva HAMMONS; Tremco, Inc.; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**TREMCO, INC., Appellant,**

v.

**Geneva HAMMONS; Larry D. Beale, Director of Special Fund; and Workers' Compensation Board, Appellees.**

Nos. 90–CA–1125–WC, 90–CA–1141–WC.

Court of Appeals of Kentucky.

Dec. 28, 1990.

Case Ordered Published by
Court of Appeals Feb. 15, 1991.

Mark C. Webster, Labor Cabinet, Louisville, for special fund.

John E. Anderson, Cole, Cole & Anderson, Barbourville, for Geneva Hammons.

F. Preston Farmer, Farmer, Keller & Kelley, London, Bartley J. Colomb, Lexington, for Tremco, Inc.

Before GUDGEL, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

These are petitions for review of an opinion of the Workers' Compensation Board which reversed a decision of the administrative law judge. The appellee Geneva Hammons sought benefits for the partial amputation of her right foot. Mrs. Hammons, who has diabetes mellitus, developed a blister on the top of her right foot in April 1986 and was off work for over two months. A blister recurred in the same area within a week after her return to work. The blister ulcerated, osteomyelitis developed, and eventually a mid-metatarsal amputation of the right foot was performed. Hammons contends that pressure from the steel-toed shoes provided and required by her employer caused the blisters which ultimately led to the amputation. The administrative law judge dismissed the claim for failing to show a relationship between the injury and the employment. In reversing the administrative law judge, the board found that the only evidence indicated that Hammons's blister occurred at work due to working conditions, and that the initial injury leading to the amputation was work-connected and not merely coincidental with work. The board remanded for findings of the nature and extent of disability. Petitions for review by the Special Fund and the employer followed.

Both appellants contend that the board impermissibly substituted its findings of fact for those of the administrative law judge. We disagree; the evidence compelled a finding in the claimant's favor. The administrative law judge found that "[c]onceivably the blister could have developed from any type of shoes the Plaintiff was wearing, regardless of having a steel toe or being recommended by the employer." This finding is merely speculative because the record is lacking in evidence that the 1986 blister was caused by any shoes other than those required by the employer during the work hours. Thus, the blister was not merely coincidental with Hammons's employment. The administrative law judge recognized the blister was the precipitating factor leading to the amputation: "the Plaintiff had or developed a minor injury which, but for her prior active condition of diabetes, would have no lasting consequences." A fortuitous, unexpected injury traceable to work is compensable, whether the resulting disability is caused in whole or in part by the work. *Hudson v. Owens,* Ky., 439 S.W.2d 565, 569 (1969); *Grimes v. Goodlett & Adams,* Ky., 345 S.W.2d 47, 51 (1961); *see also Moore v. Square D Company,* Ky., 518 S.W.2d 781, 784 (1974).

The Special Fund contends the board's discussion of *Hudson v. Owens,* is erroneous. The Special Fund interprets the board's opinion too narrowly. As pointed out by the board, distinguishing this case from *Hudson* are two factors: Hammons's physical condition, "a physical condition which inhibits normal healing," was the same in 1985, and more importantly, the precipitating event leading to the amputation was work-connected.

The opinion of the Workers' Compensation Board is affirmed.

All concur.