Donald F. ROGERS, Appellant,

v.

VERMONT AMERICAN CORPORATION; William O. Windchy, Acting Director of Special Fund; Hon. J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 95–CA–003390–WC.

Court of Appeals of Kentucky.

Jan. 3, 1997.

David B. Vickery, Leitchfield, for Appellant.

Timothy P. O'Mara, Middleton & Reutlinger, Louisville, for Appellee, Vermont American Corp.

David W. Barr, Louisville, for Appellee, Special Fund.

Before GARDNER, JOHNSON and KNOPF, JJ.

JOHNSON, Judge:

Donald F. Rogers (Rogers) petitions for review of an opinion of the Workers' Compensation Board (the Board) rendered November 17, 1995, that affirmed the opinion and order of Administrative Law Judge J. Landon Overfield (ALJ) which denied him workers' compensation benefits. We affirm.

Prior to his injury, Rogers had been an employee of Vermont American Corporation (Vermont American) for approximately eighteen years. His employment involved heavy manual labor and required extensive use of his arms.

Rogers testified that on September 3, 1992, he was able to perform his normal job duties even though his right arm was hurting. He stated that he left work at his regularly scheduled quitting time and returned home. While at home, he was loading 30–pound wooden pallets into the back of his truck when he heard a cracking noise in his right arm and felt pain. He was taken to the hospital, and an MRI showed tears in the biceps tendon and muscle belly of his right arm. Following surgery to repair the tears, Rogers returned to work with lighter duties.

Rogers testified that for approximately one year prior to the pallet-lifting incident he had been experiencing pain and a burning sensation in his right arm during his employment. Rogers also testified that he had complained of experiencing pain in his right arm while working to his supervisor on several occasions, but no accident or incident form was completed prior to the September 1992 incident.

There was conflicting evidence concerning the relationship of Rogers' employment to his injury. Dr. Moss, the doctor who performed surgery to repair the tears, testified that it was his opinion Rogers' tendon had been weakened by minor tears which occurred over the course of his employment with Vermont American, and that the lifting of the pallets was "the straw that broke the camel's back." Dr. Nash, the doctor who originally treated Rogers at the emergency room, testified that it was his opinion Rogers' tendon was not weakened by his employment.

In accepting Dr. Moss' opinion, the ALJ stated that "[i]t is quite plausible that the type of work Plaintiff has done over the last 18 years has weakened his biceps tendon." The ALJ further found that based on the evidence, Rogers had a pre-existing, dormant, non-disabling condition created by his work-related activity that was brought into disabling reality by the injury which occurred at his home. The ALJ concluded:

> Under KRS 342.720(1)(b), a Plaintiff is entitled to occupational disability benefits for disability "caused by the injury". Injury, as defined in the Workers' Compensation Statute, is a work-related harmful change in the human organism. According to Dr. Moss's testimony and Plaintiff's testimony, the work-related harmful change in Plaintiff's right upper extremity was dormant and non-disabling on September 3, 1992. Therefore, since there was no disability as a result of the work-related injury, no occupational disability benefits are payable. Also, the arousal factor must be resolved in the Defendant Employer's and Special Fund's favor. Pursuant to KRS 342.120(2)(b) and (6) the arousal must be the result of "a subsequent, compensable injury by accident". The accident which aroused Plaintiff's pre-existing condition was not a compensable one. It happened when Plaintiff was neither in the course nor scope of his employment with Defendant Employer. Therefore, Plaintiff is not entitled to workers' compensation benefits … (emphasis in original).

The Board, with Chairman J. Patrick Abell writing, affirmed the decision of the ALJ and stated:

> [T]he purported work-related condition was dormant and nondisabling. Combining the definitions of disability and injury as contained in KRS 342.0011(1) and (11) does not, in our opinion, permit a nonwork-related event superimposed upon a preexisting, dormant condition that may have been work related but was nondisabling to become compensable. It is, as appropriately identified by the ALJ herein, clearly an arousal situation. Arousal is governed solely by KRS 342.120, and unless the arousing event is itself compensable, the underlying condition is not.

This appeal followed.

■ Rogers contends that because the ALJ found that a work-related condition contributed to his injury, he is entitled to compensation regardless of the fact that the condition only became disabling as the result of a non-work-related injury. In support of his position, Rogers relies on *Derr Construction Company v. Bennett*, Ky., 873 S.W.2d 824 (1994), *Beale v. Hammons*, Ky.App., 804 S.W.2d 13 (1991), and *Haycraft v. Corhart Refractories Co.*, Ky., 544 S.W.2d 222 (1976). All of these cases are easily distinguishable from the case *sub judice*.

In *Beale, supra,* a portion of the employee's foot was amputated as a result of complications following a blister. The employee argued that the blister was caused by pressure from steeltoed shoes which her employer required her to wear. The ALJ dismissed the claim on the ground that the employee failed to show a relationship between the injury and her employment. However, in reversing the ALJ, the Board found "that the only evidence indicated that [the] blister occurred at work due to working conditions, and that the initial injury leading to the amputation was work-connected and not merely coincidental with work." *Beale,* 804 S.W.2d at 14. This Court affirmed the Board.

Rogers relies on *Beale* for the proposition that "[a] fortuitous, unexpected injury traceable to work is compensable, whether the resulting disability is caused in whole or in part by the work." *Id.* However, *Beale* differs from the case at bar in that there is no evidence that Rogers' injury was attributable to his work. Rogers' injury occurred at home. In *Beale,* the employee's blister was clearly a work-related injury.

*Haycraft, supra,* and *Derr, supra,* are both distinguishable on the same grounds. In both of these cases, although there was evidence that heavy manual labor caused wear and tear to the injured workers and contributed to their injuries, both injured workers did, in fact, suffer incidents at work that resulted in injury sometime prior to the point where their condition became disabling. As noted by the Court in *Haycraft:*

> We agree that not all degenerative diseases or conditions are compensable. We agree also that it is difficult to assess the degree of relationship between this claimant's work and his disability. But difficult or not, that such a relationship does exist can hardly be avoided. Not only is it beyond question that the nature of the work was such that it probably aggravated and accelerated the ... condition, *but also there have been two incidents of actual injury to the man's back arising out of and in the course of his employment.*

*Haycraft,* 544 S.W.2d at 228 (emphasis added).

■ Thus, we hold that an injury which occurs due to a nonwork-related incident is not compensable due solely to the fact that the strenuous nature of the claimant's employment caused nondisabling wear and tear which was aroused into a disabling condition by the non-work-related incident. *Cf. Johnson v. Scotts Branch Coal Company,* Ky. App., 754 S.W.2d 555 (1988).

The workers' compensation law in Kentucky does not provide benefits for Rogers' injuries. Any change in the law that would allow compensation for an underlying condition caused by work which is brought into disabling reality by a non-work-related inci-

dent is within the purview of the Legislature. The decision of the Board is affirmed.

All concur.