RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0428-WC

LATISHA HUDSON                                             APPELLANT


PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-74136


FORD MOTOR COMPANY; JEWISH
HOSPITAL; HONORABLE ROLAND
CASE, ADMINISTRATIVE LAW
JUDGE; SCOTT FARNER; AND
WORKERS' COMPSENSATION
BOARD                                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

ACREE, JUDGE:  Appellant, Latisha Hudson, appeals the Workers'

Compensation Board's (the Board) affirmation of an administrative law judge's

(ALJ) July 7, 2022 opinion and order resolving Appellant's claims for past medical

benefits in favor of Appellee, Ford Motor Company. After reviewing the record, we affirm.

In April 2012, Appellant began working for Appellee performing repetitive physical work duties on a production assembly line. The record indicates she worked on the assembly line uninterrupted until she took extended maternity leave due to a high-risk pregnancy. She began maternity leave in June 2016, and she gave birth to a daughter in January 2017.

After being away off work for approximately ten months, she returned on April 11, 2017. She testified returning to work "felt like it was my first day stepping into [the] Ford [assembly plant] like I did back in April of '12." "[M]y overall body was sore[,]" she said. But the soreness did not go away.

She asked her supervisor's permission to be treated and soon saw physicians who treated her. She stopped working for Appellee in July 2017, although she did not formally part from Appellee's employment until May 2018.

Meanwhile, on November 18, 2017, Appellant filed a Form 101 – an application to resolve an injury claim. In this form, Appellant claimed that on April 17, 2017 – six days after returning to work – she suffered a work-related injury that manifested as pain in her wrists, elbows, shoulders, and upper back. Doctors diagnosed Appellant with either carpel tunnel syndrome or cubital tunnel syndrome in her wrist.

Appellant claimed payment from Appellee for the past medical treatment of her injuries. Appellee disputed the claim, arguing Appellant's injuries occurred during the ten months she was on maternity leave and, in any event, were not a result of her repetitive actions at work. An ALJ conducted a hearing on this matter concerning Appellant's claim for past medical benefits.

The parties presented several doctors' opinions and their medical evaluations of Appellant. Three doctors, Dr. Loeb, Dr. Farner, and Dr. Gupta, indicated Appellant's injuries were not work related. Dr. Farrage indicated Appellant's injuries were work-related. In its July 7, 2022 opinion, the ALJ agreed with Dr. Loeb, Dr. Farner, and Dr. Gupta's assessments of the cause of Appellant's injuries and rejected Appellant's claim for past medical benefits. On review, the Board affirmed the ALJ's order, finding no error in the ALJ's decision. This appeal follows.

On appeal, Appellant argues the ALJ decided the issue of past medical benefits contrary to the substantial weight of the evidence in her favor. The Board's decision must be supported by substantial evidence, and when appellate court's review the Board's orders, "a court cannot substitute its evaluation of the weight and credibility of the evidence for that of the [Board's]." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971). "Substantial evidence means evidence of substance and relative consequence having the fitness to induce

-3-

conviction in the minds of reasonable men." *Pierce v. Kentucky Galvanizing Co.*, 606 S.W.2d 165, 166 (Ky. App. 1980) (citing *Smyzer*, 474 S.W.2d at 369).

Here, there is substantial evidence to support the Board's order affirming the ALJ's decision. Of the four doctors who evaluated Appellant, three diagnosed her injuries as having been caused during her leave from employment and not by the work she performed for Appellee. She had not worked at Appellee's plant for ten months and claimed her injury occurred a mere six days after starting work again. Three of the physicians opined this was not medically probable that she could have developed her injury in six days.

In evaluating the evidence, including the cumulation of the physicians' testimony, this Court sees nothing indicating the ALJ erred by evaluating the evidence and reaching the conclusions he did and, specifically, regarding the issue of causation.

Appellant cites no caselaw to support her claim that the testimony of the three doctors does not constitute substantial evidence. To the contrary, Kentucky's caselaw makes clear that no error occurred here. In *Pierce v. Kentucky Galvanizing Co.*, Pierce suffered a heart attack at his home. *Pierce*, 606 S.W.2d at 166. Ultimately, the court determined the cause of this heart attack was coronary heart disease. *Id.* at 167. Pierce worked for the Kentucky Galvanizing Co. and claimed the strenuous physical labor he performed at work caused his heart attack.

*Id.* However, this was the only evidence Pierce provided tending to show his work caused his heart attack, and the link between physical exertion and the heart attack in that case was tenuous at best. *Id.* at 167-68. Contrary to this, Pierce had several substantial risk factors associated with heart attacks. *Id.* at 167. Accordingly, this Court determined the substantial weight of the evidence did not support Pierce's claims that his heart attack was caused by his work. *Id.* at 168.

Appellant here faces similar evidentiary problems as the appellant in *Pierce* who only presented evidence the physical strain of his work caused his injuries; Appellant here points only to the repetitive nature of her work as causing her injuries. However, while both the injuries suffered by Appellant here and the heart attack appellant suffered in *Pierce* could theoretically be caused by their work, substantial evidence existed to the contrary. Therefore, we cannot say the Board's decision to affirm the ALJ's decision goes against the substantial weight of the evidence.

When hearing workers' compensation claims, it is an ALJ's duty to weigh evidence and determine the veracity of the testimony they hear. Bound by this standard, the ALJ did not err when it gave more credibility to Dr. Loeb, Dr. Farner, and Dr. Gupta.

Accordingly, the Board did not err when it affirmed the ALJ's decision concerning Appellant's claim for past medical benefits.

We affirm.


ALL CONCUR.


BRIEF FOR APPELLANT:

Ched Jennings
Louisville, Kentucky

BRIEF FOR APPELLEE FORD
MOTOR COMPANY:

Scott E. Burroughs
Brian W. Davidson
Louisville, Kentucky