Robert L. SMYZER, Appellant,

v.

B. F. GOODRICH CHEMICAL COMPANY,
et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Joe G. Leibson, Louisville, for appellant.

Richard F. Newell, Louisville, for appellees.

REED, Judge.

In this workmen's compensation case, the circuit court set aside an award that the Workmen's Compensation Board had made in favor of Robert L. Smyzer against his employer, B. F. Goodrich Chemical Company. Smyzer has appealed to this court

on two grounds: first, that the circuit court erred in substituting its evaluation of the evidence for that of the board and, second, that the circuit court was without jurisdiction because the employer's appeal from the board's award to the circuit court was not timely filed. We are of the opinion that the circuit court had jurisdiction of the case and that the disposition made was correct.

The appellant's procedural argument is without merit. The board's award was rendered May 11, 1970. Within 14 days, as required by KRS 342.281, the employer, Goodrich, petitioned the board to reconsider its award. The right of the employer to seek reconsideration within such time is clearly specified in the statute just cited. On June 8, 1970, the board overruled Goodrich's petition for reconsideration. Within 20 days from this latter date, Goodrich filed an appeal with the circuit court from the board's award. The right to such appeal, provided it is filed within the 20-day period, is again specifically provided in KRS 342.-285.

■ In Commonwealth Dept. of Mental Health v. Robertson, Ky., 447 S.W.2d 857 (1969), we held that the filing of a petition for reconsideration of an award destroyed the finality of the award and that an appeal then pending was properly dismissed. When the board overruled the petition for reconsideration on June 8, 1970, it then made final the award whose "finality" had been destroyed by the filing of the petition to reconsider. An appeal to the circuit court filed within 20 days from that date was timely. To rule otherwise would create the specter that a petition for reconsideration by either the employee or the employer would make the right of judicial review of the award merely illusory. The circuit court clearly had jurisdiction to consider the employer's appeal from the award.

The principle contention made by the employee is that the circuit court substituted its evaluation of the weight and credibility of the evidence for that of the board. Although the circuit court held that the board's findings had no support in the record and were clearly erroneous "on the basis of the reliable, probative and material evidence contained in the whole record,"[1] we think the issue is better stated by the simple inquiry: "Were the findings of fact made by the board supported by substantial evidence?" The circuit court filed a detailed opinion that adequately demonstrates why the circuit court concluded, in effect, that the board's findings were clearly erroneous.

Smyzer filed verified application with the board in March, 1969, in which he claimed that on October 31, 1968, while pushing a janitor's cart into a rest room in one of his employer's plant buildings, he slipped on an oily substance on the rest room floor and fell flat on his back. When he testified at a hearing concerning his claim, he said that on October 24, 1968, while he was on his way to the rest room he slipped under his janitor's cart but caught himself and didn't fall all the way down.

According to Smyzer's own testimony, he then went to the nearest plant building office where he found a production clerk, Richard Baker. Smyzer stated: "I told him (Baker) that I thought I had hurt my back and he said, 'what do you think it is?' and I said, 'I think it is my kidneys.'" Baker and other employees then took Smyzer to the plant dispensary. The nurse on duty told Smyzer the employer could not accept responsibility and suggested that he see his family doctor. Smyzer made no complaint of a fall.

He returned to work at his regular shift but again, according to his testimony, three

---

1. The trial court correctly quoted the test as expressed in the language of the statute. KRS 342.285(3)(d). This language, however, is merely a description of what is encompassed in the phrase "substantial evidence" as used in the case law. Blankenship v. Lloyd Blankenship Coal Co., Ky., 463 S.W.2d 62 (1971).

weeks later the pain returned and he went back to the dispensary. No mention was made of a fall. In his original testimony, Smyzer did not testify that he told anyone at Goodrich that he fell at the plant. On rebuttal, however, he claimed that he told the personnel supervisor, but this must have been some two months after the event. According to appellant, he was off work for about two months receiving periodic weekly benefits under Goodrich's weekly group insurance program. In order to secure these group insurance benefits, he had filed a statement that he had injured his back considerably before the alleged incident of his claim while shoveling ashes from a furnace at his employer's plant.

The evidence also is undisputed that in March 1968, eight months before the alleged fall for which he filed claim, Smyzer reported to the dispensary and told the nurse on duty that, two days before, he went to get in his car at home and felt a pain in his lower back. It is also undenied that on October 24, the date Smyzer testified that he fell in the rest room, he reported to the dispensary before his shift began and told the nurse on duty that his back had started hurting when he was getting into his car that morning. He was given diathermy and advised to see his family doctor. On November 15, 1968, he returned to the dispensary and told the nurse that he bent forward to pick up a bucket and got a catch in the left side of his back again. On November 26, 1968, he again visited the dispensary and told the nurse on duty that he had been to Dr. Auerbach who had indicated the possibility of an old back injury. There was never any mention of a fall.

Appellant produced the testimony of Dr. Auerbach in support of his claim. Dr. Auerbach, however, did not support appellant's testimony. It was this physician's testimony that Smyzer's responses during his visits became so irrational that in the doctor's opinion Smyzer was no longer susceptible of belief and this impelled the

doctor to question his own previous judgment as to the validity of his patient's original complaints. The doctor said that he finally had concluded that Smyzer had no more than a back sprain.

The board held that Smyzer sustained no permanent disability, but awarded him temporary disability for intermittent periods totaling about two months and also awarded him related medical expenses.

■ Although a court cannot substitute its evaluation of the weight and credibility of the evidence for that of the Workmen's Compensation Board, nevertheless, the findings of fact of the board when it decides in favor of the claimant must be supported by substantial evidence. Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men. See O'Nan v. Ecklar Moore Express, Inc., Ky., 339 S.W. 2d 466.

In this case, the testimony of the appellant contradicted the statements of fact made in his own verified application for relief. No attempt was made to explain the disparity. The direct evidence revealed merely that he suffered discomfort in his back while working. Neither he nor the witnesses introduced on his behalf would undertake to say that he ever claimed anything happened except that his back was hurt and he thought it was caused by his kidneys. The evidence of the existence of prior back trouble which was not work-connected is undenied and there was no attempted refutation of the significant circumstance that it was two months after the claimed incident that Smyzer advised anybody, either friend or potential foe, of a fall.

■ We agree with the circuit court that this evidence, both direct and circumstantial, lay and medical, does not have the fitness to induce conviction in the minds of

reasonable men either that Smyzer fell while at work or that if he did fall it was the cause of disability or even subsequent discomfort.

The judgment of the circuit court is affirmed.

All concur.