# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

## 2015-SC-000137-WC

DATE 1-7-16 Ewt Grou. H.P.C.

JEFF PACE                                                                          APPELLANT


ON APPEAL FROM COURT OF APPEALS

V.                      CASE NO. 2014-CA-000798-WC
WORKERS' COMPENSATION NO. 01-69052


KENTUCKY DARBY COAL CO., INC.;
HONORABLE GRANT S. ROARK,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                  APPELLEES


## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Appellant, Jeff Pace, appeals a Court of Appeals decision which affirmed the Workers' Compensation Board's ("Board") opinion that affirmed the finding he reached maximum medical improvement ("MMI") by January 2006. Pace argues that the Administrative Law Judge ("ALJ") erred by finding he reached MMI by January 2006 because there was no evidence he was able to return to work by that time. For the below stated reasons, we affirm the Court of Appeals.

Pace was injured on November 9, 2001, when a rock fell on him while operating a continuous miner machine on behalf of his employer, Kentucky Darby Coal Co., Inc. ("Darby"). The fallen rock caused multiple fractures in

Pace's pelvis and back. Darby paid Pace temporary total disability ("TTD") benefits from November 15, 2001, through May 9, 2011.

Darby filed an application for an adjustment of injury claim on August 10, 2011. Darby admitted that Pace was injured while working for them, but alleged he was not totally disabled during the time he received TTD benefits. Darby presented evidence indicating Pace was working off and on from 2006 through 2011 while receiving TTD benefits. As such, Darby alleged Pace committed fraud.

The report of Dr. Martin Fritzhand was submitted as part of the proceeding. Dr. Fritzhand performed a thorough review of Pace's medical condition and records while preparing his report. However, Dr. Fritzhand did not specifically state why he believed Pace reached MMI as of January 2006.

The ALJ, after a review of the evidence, made the following findings:

> [t]he parties also dispute the point at which [Pace] reached MMI. [Pace] maintains he still has not reached MMI and is entitled to additional TTD. However, the [ALJ] is persuaded by the opinion of Dr. [Martin] Fritzhand that [Pace] reached MMI as of January, 2006. In reaching this conclusion, the [ALJ] is also persuaded by the application [Pace] submitted to Black Mountain Coal in which [Pace] indicated he had returned to work from 2006 through 2010, which is consistent with Dr. Fritzhand's determination of MMI. Accordingly, it is determined [Pace] reached MMI as of January 1, 2006.

The ALJ also made a finding that Pace worked in 2006.

Based on the finding that Pace reached MMI as of January 1, 2006, the ALJ awarded him partial permanent disability ("PPD") benefits to run for 520 weeks from that date. But, the ALJ also awarded Darby a credit against the

2

past-due PPD benefits for the overpayment of TTD benefits which occurred after January 1, 2006.

Pace filed a petition for reconsideration challenging the date the ALJ found he reached MMI. The ALJ issued an order on petition for reconsideration which reopened proof on the limited issue of whether Pace was employed in 2006. Pace appealed this order to the Board, but the Board dismissed the appeal as interlocutory and remanded the matter to the ALJ. On remand, Pace submitted additional evidence to the ALJ.

The ALJ issued a second order on petition for reconsideration in which he changed his mind and found that Pace did not return to work in 2006. However, he also found nothing in the newly submitted evidence to change his previous finding that Pace reached MMI as of January 2006. In making this finding, the ALJ again relied on Dr. Fritzhand's opinion. Therefore, the ALJ again found that Darby was entitled to a credit against the past-due PPD benefits for the TTD benefits paid to Pace after January 1, 2006. Pace appealed to the Board who affirmed. The Court of Appeals also affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the

3

evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418 (Ky. 1985).

Additionally, where the party who bears the burden of proof is successful before the ALJ, the question on appeal is whether the decision is supported by substantial evidence. *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735, 736 (Ky. App. 1984). Substantial evidence is defined as evidence of relevant consequence, having the fitness to induce conviction in the minds of reasonable people. *Smyzer v. B.F. Goodrich Chemical Co.,* 474 S.W.2d 367 (Ky. 1971).

Pace argues that the ALJ erred by finding that he reached MMI by January 2006. He contends that since he did not return to work in 2006 he had not reached MMI and therefore Darby should not receive a credit for TTD benefits paid after January 2006. However, the ALJ in his second order on petition for reconsideration stated that he based his conclusion on the date Pace reached MMI on the opinion of Dr. Fritzhand and not on Pace's work history. While Pace contends that Dr. Fritzhand's opinion is insufficient because he did not state why he found Pace reached MMI as of January 2006, we note that the doctor's failure to provide his reasoning does not mandate rejection of his opinion. *See Square D Co. v. Tipton,* 862 S.W.2d 308 (Ky. 1993).

4

It is clear that Dr. Fritzhand thoroughly reviewed Pace's medical history in preparing his report. Additionally, while Dr. Fritzhand's report indicates that he thought Pace returned to work in 2006, there is no indication that the doctor relied on that in determining the date Pace reached MMI. The ALJ's finding that Pace reached MMI as of January 2006 is supported by substantial evidence and shall not be disturbed on appeal.

There are two requirements for a worker to receive TTD benefits: 1) that the worker must not have reached MMI; and 2) that the worker must not have reached a level of improvement that would permit a return to employment. KRS 342.0011(11)(a); *Double L Construction, Inc. v. Mitchell*, 182 S.W.3d 509, 513-14 (Ky. 2005). Thus, since Pace reached MMI on January 1, 2006, he was not eligible for TTD benefits after that date, and the ALJ correctly awarded Darby a credit.

For the above stated reasons, we affirm the decision of the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

COUNSEL FOR APPELLANT,
JEFF PACE:

Johnnie L. Turner

COUNSEL FOR APPELLEE,
KENTUCKY DARBY COAL CO., INC.:

James William Herald, III

5