# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  MARCH 25, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0215-WC

PACKERS SANITATION SERVICES                                          APPELLANT

                          ON APPEAL FROM THE COURT OF APPEALS
V.                              NO. 2019-CA-1846
              WORKERS' COMPENSATION BOARD NO. WC-14-66805

JORGE MARTELL CABRERA;                                               APPELLEES
HONORABLE JOHN BARRY COLEMAN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Packers Sanitation Services appeals from the Court of Appeals' opinion affirming the Workers' Compensation Board's opinion affirming the Administrative Law Judge's (ALJ) award of permanent-partial disability benefits to Jorge Martell Cabrera.  Asserting this case differs from "the run-of-the mill" substantial-evidence case, Packers Sanitation argues the Court of Appeals erred in affirming the ALJ's award because, despite other evidence of record, surveillance-video footage of Cabrera submitted by Packers Sanitation proves Cabrera hoodwinked the medical experts by faking his symptoms, resulting in an arbitrary award.  We find no error, and we affirm the Court of Appeals.

## I. FACTS

Cabrera worked for Packers Sanitation providing cleaning services at the JB Swift meat processing plant in Louisville, Kentucky. In the course and scope of his employment, Cabrera slipped as he was cleaning a metal conveyor belt and both arms became caught in the works of the conveyor, resulting in severe cuts to both arms. Treatment required emergency debridement and surgery. Infection necessitated repeated later surgical procedures and removal of muscle tissue. Cabrera eventually returned to work in a different capacity and eventually was promoted to a supervisory position at a higher rate of pay. He sought workers' compensation benefits for both physical and psychological injuries for which the ALJ awarded benefits.

Packers Sanitation appealed to the Board, arguing the ALJ's findings supporting the benefits were a sham, asserting, as it later did to the Court of Appeals and now to us on appeal, that surveillance video clips it introduced into the record conclusively refute Cabrera's claims of functional impairment by showing him going about activities of daily living using his hands and arms without apparent difficulty. Packers Sanitation contends that if the Board had simply watched the video clips, then it would have reached the inescapable conclusion that the medical and psychological evidence relied upon by the ALJ was bogus, rendering the ALJ's award of benefits arbitrary and requiring reversal.

## II. ANALYSIS

### A. The Board and Court of Appeals did not err in failing to reverse the ALJ's factual findings because they were supported by substantial evidence and affirmance was not an abuse of discretion.

At the hearing before the ALJ, Packers Sanitation introduced a series of video clips of Cabrera prepared by a private investigator hired in connection with separate civil litigation between Cabrera and Swift. The video shows Cabrera engaging in activities using his hands and arms. Packers Sanitation avers the video evidence alone is conclusive proof that Cabrera exaggerated his injuries and retains minimal functional impairment despite the conflicting evidence from Cabrera and the medical reports of record. Because Packers Sanitation finds the video to be conclusive, it argues that the Board could not have reviewed the surveillance video, because if it had, the Board would have been constrained to conclude that Cabrera was a fraud and the ALJ's finding of impairment arbitrary.

Appellate review in workers' compensation proceedings is limited to correcting the Board where it has misconstrued statutes or precedent or committed error in assessing evidence so flagrant as to cause gross injustice.[1] We will not reverse the ALJ's decision solely because there is evidence in the record that appears contrary to the factual findings of the ALJ.[2] Of course, the ALJ's factual findings must be supported by substantial evidence, which

---

[1] *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992).

[2] *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999).

3

requires evidence of substance and consequence and trustworthy enough to induce conviction in reasonable minds.[3]

We find, as the Court of Appeals found, that substantial evidence in this record supports the Board's decision to uphold the ALJ's findings. Packers Sanitation dismisses as preposterous the Board's acceptance of the ALJ's findings of fact considering the video. The influence the videos have on the trier of fact is a question of interpretation. As the ALJ explained, the video may show Cabrera capable of physical activity beyond what he described in the record, but the objective evidence of his condition, as reflected in the medical records, indicates he is impaired and that he did not believe Cabrera to be "malingering or faking." Overall, the ALJ's findings discuss the video considering all the evidence presented, and his findings conclude that the video did not overcome the proof of Cabrera's impairment.

The weight given to the video is a question of fact, and it is not conclusive as to Cabrera's impairments, especially considering the conflicting evidence presented by Cabrera. The ALJ concluded that the objective medical evidence was more persuasive. And we find the order sufficiently described why the ALJ found the video to be inconclusive and why he ultimately found Cabrera to be impaired. We hold it was not error for the Board to affirm the order awarding Cabrera partial-permanent disability benefits.

---

[3] *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971).

**B. The ALJ did not err as a matter of law by relying on Dr. Ruth's initial report.**

In 2016, Cabrera underwent a psychological impairment assessment by Dr. Douglas Ruth, who found he suffered from major depressive disorder and post-traumatic stress disorder with an overall psychological impairment of 8% because of his work-related injury. Later, after seeing the video footage of Cabrera, Dr. Ruth concluded Cabrera was likely malingering. Dr. Ruth then gave Cabrera a second assessment that was like the first and contained several self-report measures. While Cabrera performed similarly on the self-report measures, Dr. Ruth found the video footage indicated he was capable of more than his self-report measures revealed. Ultimately, Dr. Ruth changed his assessment of Cabrera to a 0% psychological impairment rating.

The ALJ assigned Cabrera an 8% psychological impairment rating and relied on Dr. Ruth's initial assessment in doing so. Packers Sanitation argues that since Dr. Ruth changed his diagnosis after viewing the video, the initial 8% rating is erroneous and cannot support the ALJ's findings because an erroneous medical assessment cannot be the basis of an award.

Packers Sanitation relies on *Cepero v. Fabricated Metals Corporation*[4] to support its contention. In *Cepero*, we held that medical testimony given in reliance on incomplete or inaccurate records cannot be used as substantial evidence to support an ALJ's factual findings.[5] In *Cepero*, the ALJ's conclusion

---

[4] 132 S.W.3d 839, 843 (Ky. 2004).

[5] *Id.*

5

that the plaintiff's condition was caused by a work-related injury relied on the testimony of a doctor who had evaluated the plaintiff.[6] But the plaintiff failed to inform the doctor of the extent of his previous injury and omitted the fact that the previous injury was severe.[7] The ALJ's findings relied upon the doctor's flawed assessment.[8] A majority of this Court found the doctor's testimony could not comprise substantial evidence to support the ALJ's conclusion because the medical opinion was based on inaccurate and incomplete information during the plaintiff's medical examination.[9] This Court held when a medical assessment is based on inaccurate information, the entire testimony must be disregarded.[10]

In deciding factual issues, the ALJ may accept or reject any testimony, "regardless of whether it is from the same witness or same party's total proof."[11] Here, we find the facts not to be analogous to *Cepero*. Packers Sanitation does not argue that Dr. Ruth had incomplete or inaccurate information when he first assessed Cabrera and gave him an 8% psychological impairment rating. Instead, Packers Sanitation argues because Dr. Ruth changed his diagnosis after seeing the video of Cabrera the original assessment was fatally flawed. Dr. Ruth's opinion of Cabrera's psychological impairment

---

[6] *Id.* at 841.

[7] *Id.* 841–42.

[8] *Id.*

[9] *Id.* at 842.

[10] *Id.* at 843.

[11] *Abel Verdon Const. v. Rivera*, 348 S.W.3d 749, 753–54 (Ky. 2011).

6

changed because of a second evaluation and video evidence, not because inaccurate information during the first assessment rendered his opinion unreliable. At the time Cabrera underwent his initial psychological assessment, Dr. Ruth gave his medical opinion based on objective findings.

The ALJ's order states that he was relying on Dr. Ruth's initial diagnosis because it was supported by the testimony of Dr. Butler who gave a similar assessment of Cabrera's psychological impairment. Dr. Butler found Cabrera suffered from a 16% psychological impairment even after reviewing the video. The ALJ also explained that he found Cabrera to be a credible witness and that he was suffering from psychological issues. Overall, the ALJ explained why he was not persuaded by Dr. Ruth's revised opinion and how the evidence presented related to the conclusion that Cabrera suffered an 8% psychological impairment because of the work-related injury. An ALJ may disregard or find persuasive any portion of the evidence; therefore, we find the ALJ did not err by relying upon Dr. Ruth's initial assessment.

### III. CONCLUSION

For these reasons, we affirm the Court of Appeals' holding.

All sitting. All concur.

7

COUNSEL FOR APPELLANT:

Timothy Joe Walker
Fogle Keller Walker, PLLC

COUNSEL FOR APPELLEE, JORGE MARTELL CABRERA:

Wayne Charles Daub

CHAIRMAN, WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey

ADMINISTRATIVE LAW JUDGE:

Honorable John Barry Coleman