RENDERED: MAY 20, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0393-WC

DOW SILICONES CORPORATION                      APPELLANT


|  | PETITION FOR REVIEW OF A DECISION |
| v. | OF THE WORKERS' COMPENSATION BOARD |
|  | ACTION NO. WC-18-00355 |


RICHARD CARTER (DEC'D); ERICA
CARTER AS CUSTODIAL PARENT
AND/OR LEGAL GUARDIAN OF
E'RIYAH CARTER; PATIENCE
MILLER-CARTER,
ADMINISTRATRIX AND
INDIVIDUALLY AS WIDOW OF
RICHARD CARTER AND
CUSTODIAL PARENT OF CADENCE
CARTER; HONORABLE TONYA M.
CLEMONS, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                           APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MᶜNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: An application for Resolution of Claim-Occupational Disease was filed on behalf on the decedent, Richard Carter (Mr. Carter), by his wife, Patience Miller-Carter (Ms. Carter), on March 6, 2018. The claim alleged that Mr. Carter was entitled to workers' compensation benefits having contracted adenocarcinoma (lung cancer) as a result of his exposure to chemicals while in the course and scope of his employment with his former employer, Appellant, Dow Silicones Corporation (Dow). Part of Mr. Carter's job duties included cleaning tall chemical vats. The stated last date of injurious exposure was February 11, 2017. Mr. Carter passed away on May 11, 2017. He was survived by his wife and two children. A post-mortem examination report and Mr. Carter's official death certificate reflected that his cause of death was adenocarcinoma of the lung.

The administrative law judge (ALJ) issued a fourteen-paged opinion and order on December 17, 2020, awarding benefits to Mr. Carter's estate, widow, and children. Dow petitioned the ALJ for reconsideration, which was denied. Dow then appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's determination. Dow now appeals to this Court as a matter of right. For the following reasons, we affirm.

**STANDARD OF REVIEW**

The ALJ has "the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable

-2-

inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009) (citation omitted). Therefore, "appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion." *Id.* (citing *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)). "If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 246 (Ky. 2012) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299, 302 (Ky. 1962)). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted). "However, a reviewing court is entitled to substitute its judgment for that of the agency where the agency's ruling is based on an incorrect view of the law." *Fresenius Medical Care Holdings, Inc. v. Mitchell*, 507 S.W.3d 15, 19 (Ky. App. 2016) (internal quotation marks and citation omitted). With these standards in mind, we now turn to the merits of the present case.

## ANALYSIS

Dow argues that the reports of experts, Dr. George Nichols and Dr. Robert Sklaroff, do not constitute substantial evidence that chemical exposure

caused Mr. Carter's death. In support of its defense, Dow submitted a report issued by Dr. Theron Blickenstaff. The ALJ addressed the evidence presented by these experts in its opinion and order, and most succinctly in its order denying Dow's petition for reconsideration as follows:

> Consistent with the Kentucky Supreme Court's decision in *Miller v. Tema Isenmann, Inc*., 542 S.W.3d 265 (Ky. 2018), the Opinion identifies the evidence relied upon that demonstrated a causal connection between the conditions under which Mr. Carter's work as a maintenance worker was performed in an environment with methyl chloride releases and the occupational disease. The evidence including Material Safety Data Sheet, IARC Classification Definitions, data on chemicals at Defendant's plant, and medical records/ reports led to the finding that the opinions of Dr. Nichols and Dr. Sklaroff were the most credible and persuasive.
>
> The Opinion sets out the reasoning behind the finding that Plaintiff met her burden of proof to establish that Mr. Carter's exposure to chemicals such as methyl chloride in his employment with Defendant caused the occupational disease under relevant and applicable law.

In its opinion affirming, the Board provided the following:

> The ALJ was confronted with conflicting evidence and found that the evidence of Ms. Carter, Dr. Nichols, and Dr. Sklaroff were more persuasive than the testimony of Dr. Blickenstaff. This was her prerogative as the finder of fact. In making her determination, the ALJ noted it is undisputed Carter worked in the Utilities Department for Dow until February 11, 2017. It is undisputed that he died from cancer of the lungs as evidenced by the post-mortem autopsy and death certificate. The record contains a list of chemicals present in the Dow plant at which Carter worked. A myriad of the chemicals either

-4-

are known to cause or are suspected of causing cancer in humans. Carter's job duties included cleaning vats of chemicals. While he may have worn [personal protective equipment], there is no indication this prevented any exposure to the chemicals in the plant. Dr. Nichols reviewed the list of chemicals in the plant and their carcinogenic ratings and opined Carter suffered an injurious exposure to an occupational source, and his fatal lung cancer can be traced to that source at his work place. Dr. Sklaroff concurred with his opinion.

As a result of the foregoing proof, the ALJ determined that, pursuant to the mandates of [Kentucky Revised Statute] 342.0011, Carter met his burden of proving a causal connection between the conditions under which the work is performed and the occupational disease, which she determined followed as a natural incident to the work as a result of the employment, and which can be fairly traced to the employment as the proximate cause. We believe the evidence from Ms. Carter, Dr. Sklaroff, and Dr. Nichols constitute substantial evidence supporting the ALJ's ultimate decision. Therefore, the decision will not be disturbed on appeal.

We agree that the ALJ's opinion was based on substantial evidence; *i.e.*, "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer*, 474 S.W.2d at 369 (citation omitted). Therefore, having reviewed the record and the law, we cannot say that the ALJ abused its discretion here.

## CONCLUSION

For the foregoing reasons, we hereby affirm the Board, affirming the decision of the ALJ.

-5-

ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

John S. Harrison                        Alan S. Rubin
Louisville, Kentucky                    Louisville, Kentucky