RENDERED:  MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0527-WC

MJ GREAT CLIPS, INC.                                            APPELLANT


PETITION FOR REVIEW OF A DECISION
v.            OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-93999


ANGELA JOHNSON; HONORABLE
TONYA MICHELLE CLEMONS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND K. THOMPSON, JUDGES.

McNEILL, JUDGE:  On November 20, 2018, Appellee, Angela Johnson

(Johnson), sustained a work-related cumulative trauma injury to her shoulder,

while working for her employer, MJ Great Clips, Inc. (Great Clips).   Johnson filed

her Form 101, Application for Resolution of Workers' Compensation Claim, on

March 13, 2020. After a final hearing on the matter, the Administrative Law Judge (ALJ) issued a sixteen-page opinion awarding Johnson temporary total disability (TTD), permanent partial disability (PPD), and medical benefits. Great Clips appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's determination. Great Clips now appeals to this Court as a matter of right. Having reviewed the record and the law, we affirm the Board.

## STANDARD OF REVIEW

The ALJ has "the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). Therefore, "appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion." *Id.* at 866 (citing *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)). "If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 246 (Ky. 2012) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299, 302 (Ky. 1962)). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky.

1971) (citation omitted). "However, a reviewing court is entitled to substitute its judgment for that of the agency where the agency's ruling is based on an 'incorrect view of the law.'" *Fresenius Medical Care Holdings, Inc. v. Mitchell*, 507 S.W.3d 15, 19 (Ky. App. 2016) (quoting *Kentucky Bd. of Nursing v. Ward*, 890 S.W.2d 641, 642 (Ky. App. 1994)). Of particular import here, KRS 342.185(3) provides:

> The right to compensation under this chapter resulting from work-related exposure to cumulative trauma injury shall be barred unless notice of the cumulative trauma injury is given within two (2) years from the date the employee is told by a physician that the cumulative trauma injury is work-related. An application for adjustment of claim for compensation with respect to the injury shall have been made with the department within two (2) years after the employee is told by a physician that the cumulative trauma injury is work-related. However, the right to compensation for any cumulative trauma injury shall be forever barred, unless an application for adjustment of claim is filed with the commissioner within five (5) years after the last injurious exposure to the cumulative trauma.

With these standards in mind, we now turn to the merits of the present case.

## ANALYSIS

Great Clips' sole argument on appeal is that it was erroneous as a matter of law to award permanent benefits. The ALJ addressed the relevant evidence most succinctly in its order denying Great Clips' petition for reconsideration as follows:

> The Opinion indicates all evidence was fully considered in determining that Plaintiff suffered a work-related

cumulative trauma to her left shoulder as well as a rationale for reliance on the opinions of Dr. [Jeffrey] Fadel as the most credible and persuasive with respect to dormant conditions and capacity to return to work. Further, consistent with applicable law, the Opinion identifies the date triggering notice [November 20, 2018] and clocking of the statute of limitations based on the opinion of Dr. [James] Bilbo.

In its opinion affirming the ALJ, the Board addressed the underlying evidence at length, and ultimately agreed that Johnson's cumulative trauma case was timely filed. We also agree that the ALJ's opinion was based on substantial evidence, *i.e.*, "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer*, 474 S.W.2d at 369 (citation omitted). And although Great Clips' argument is styled as an issue of law, much of its argument actually concerns the sufficiency of the evidence. We hold that the ALJ did not abuse its discretion here and certainly cannot say that the agency's ruling is based on an "incorrect view of the law." *Mitchell*, 507 S.W.3d at 19 (citation omitted).

## **CONCLUSION**

For the foregoing reasons, we hereby affirm the Board, affirming the decision issued by the ALJ.


ALL CONCUR.

-4-

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

James Compton               Haley S. Stamm
Lexington, Kentucky          Fort Mitchell, Kentucky