RENDERED:  JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1400-WC

MICHAEL WYANT                                                      APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-95237

U.S. ERECTORS, INC.; HONORABLE
CHRIS GREG DAVIS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                               APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Appellant, Michael Wyant (Wyant), is an iron worker

formerly employed by Appellee, U.S. Erectors, Inc. (Employer).  While at work on

February 6, 2016, Wyant injured his groin by lifting an approximately one-

hundred-pound keg of iron bolts.  He filed a claim for workers' compensation

benefits due to the groin injury, as well as injuries to his right hip and back.

The Administrative Law Judge (ALJ) issued an Opinion and Order awarding temporary total benefits (TTD), permanent partial disability benefits (PPD), and medical expenses. He assessed the date of Wyant's maximum medical improvement (MMI) to be January 21, 2017. A three-percent impairment rating was assessed for the groin injury. Wyant petitioned the ALJ for reconsideration, which was denied. He appealed to the Workers' Compensation Board (Board), which unanimously affirmed the ALJ's decision. Wyant now appeals to this Court as a matter of right. Having reviewed the record and the law, we affirm.

## STANDARD OF REVIEW

The ALJ has "the sole discretion to determine the quality, character weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009). Therefore, "appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion." *Id.* (citing *Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)). "If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Kentucky Unemployment Ins. Comm'n v. Cecil*, 381 S.W.3d 238, 246 (Ky. 2012) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299 (Ky. 1962)). "Substantial evidence means evidence of substance and relevant

consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted). Therefore, we review Board decisions to determine if it "has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). With these standards in mind, we now turn to the merits of the present case.

## ANALYSIS

Wyatt primarily argues that the ALJ: 1) mischaracterized medical testimony and ignored substantial evidence in determining that his lumbar and hip injuries were not work-related; 2) erroneously determined MMI; and 3) failed to enhance the PPD award by a factor of three (the 3X multiplier). The ALJ extensively addressed the evidence presented by the relevant experts in its opinion and order. And it did so most succinctly in its order denying Wyant's Petition for Reconsideration as follows:

> I do not believe the MMI date assigned by Dr. Hall is speculative and substantial evidence supports that date. I hope that the Opinion amply sets forth the basis of my rejection of the low back and right hip claims. I hope it also recites the evidence that would have supported a contrary finding. I summarized the evidence from Dr. Wunder, Dr. Grefer and the Plaintiff and noted them in my analysis. They support, but do not compel, a contrary finding. While generally loathe, personally and professionally, to so note it is important to fully apprise

the parties of the basis for my opinion so there is this, I do not [find] Mr. Wyant credible when he states his low back or right hip were in pain far sooner than he told the doctors and I reject any notion that he would not have sought medical treatment if they were hurting as much as he says. Therefore, the Petition is OVERRULED

In its opinion affirming, the Board provided the following relevant summary:

[T]he opinions of Drs. Jacquemin, Nazar, and Griesser support the ALJ's determination that neither the low back nor right hip conditions are causally related to the February 6, 2016, work incident. Due to the gap of time between the date of injury and the onset of Wyant's low back and right hip pain, the ALJ was convinced the causal chain was broken. In fact, as the ALJ accurately noted in the June 15, 2023, Opinion, Award, and Order, Wyant's March 18, 2022, hip surgery did not take place until *six years* following the work incident. Lumbar surgery was performed on February 22, 2021, five years following the work incident. The ALJ's determination regarding the lack of causal connection between the work incident and Wyant's low back and right hip conditions is fully substantiated by the opinions of Drs. Jacquemin, Nazar, and Griesser. As such, we must affirm.

(Emphasis in original.) To be clear, the medical issue in this case focused on the records and opinions of several physicians who treated or examined Wyant. And the primary issue is whether the ALJ erred in finding the low back and right hip injuries were not work-related. The burden is on an injured worker to prove every element of his claim, including work-related causation. *Gibbs v. Premier Scale Company/Indiana Scale Co.*, 50 S.W.3d 754, 763 (Ky. 2001), *as modified on denial of reh'g* (Aug. 23, 2001).

-4-

As to the back injury, the ALJ determined that "while I do certainly respect Dr. Wunder and Dr. Grefer, I also have two other doctors I respect, Dr. Sexton and Dr. Nazar, who do not feel as if the low back complaint was work-related." And as to the hip injury, the ALJ found that it appears the medical opinion of Dr. Matthew Grunkmeyer was "based solely on Wyant's reassurance that he complained about his hip for a long period of time before treatment began for it." The ALJ cited additional medical evidence documenting the hip injury. Ultimately, the ALJ relied on medical expert opinions to conclude that the hip and back injuries were not work-related and should be dismissed. This is proper because the ALJ:

> has the authority to determine the quality, character[,] . . . substance[,] and weight of the evidence presented, as well as the inferences to be drawn from the evidence. Thus, the ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof.

*Jones v. Brasch-Barry Gen. Contractors*, 189 S.W.3d 149, 152 (Ky. App. 2006) (internal quotation marks and citations omitted). In other words, the ALJ's opinion here was based on substantial evidence, *i.e.*, "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer*, 474 S.W.2d at 369. (Citation omitted.) Therefore, having

-5-

reviewed the record and the law, we cannot say that the ALJ abused its discretion here.

Now having determined that the present case is limited to the groin injury, we also conclude that MMI was also proper for the following reason found by the ALJ: "[t]he only doctor who assigned a date of MMI for the groin, and only the groin injury, and after the end of medical treatment, other than a final exam, for the groin, is Dr. [Orin] Hall. That date is January 21, 2017." Based on this evidence, we cannot conclude that the ALJ abused its discretion here. It further logically follows that the ALJ did not abuse its discretion in failing to assign the 3X multiplier to Wyant's PPD award.

Pursuant to KRS[1] 342.730(1)(c)1., "If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined . . . ." On this issue, the Board reasoned in part as follows: "Dr. Griesser, the physician upon whom [the ALJ] relied in resolving this issue, did not assign any permanent restrictions *as a result of the February 6, 2016 injury*[,]" and that any restrictions imposed "are based upon Wyant's non-work-related low back condition." (Emphasis in

_____

[1] Kentucky Revised Statutes.

original.)  Therefore, the ALJ did not abuse its discretion is assessing the proper and complete compensation resulting from the underlying groin injury.

## **CONCLUSION**

For the foregoing reasons, we hereby affirm the Board, affirming the decision issued by the ALJ.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joseph M. Schulte
Covington, Kentucky

BRIEF FOR APPELLEE:

R. Christion Hutson
Paducah, Kentucky