# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: OCTOBER 24, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0101-WC

LSC COMMUNICATIONS                                    APPELLANT


V.                      ON APPEAL FROM COURT OF APPEALS
NO. 2023-CA-0929
WORKERS' COMPENSATION NO. WC-19-87447


ARTIE WINCHESTER; HONORABLE                  APPELLEES
AMANDA MICHELLE PERKINS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Artie Winchester was employed by LSC Communications when he sustained a work-related injury to his right knee on April 2, 2019. After several treatments and surgeries, Winchester initiated a workers' compensation claim. An Administrative Law Judge (ALJ) awarded Winchester temporary total disability benefits from the date of injury through July 15, 2022, despite one medical opinion that placed Winchester at maximum medical improvement on November 30, 2020. LSC contested whether Winchester was entitled to temporary total disability benefits during that entire period given its belief that Winchester had already reached maximum medical improvement, but the Workers' Compensation Board affirmed the ALJ. LSC again appealed to the

Court of Appeals which likewise affirmed the ALJ. LSC now appeals to this Court and upon review, we affirm.

## FACTS AND PROCEDURAL HISTORY

Artie Winchester was employed by LSC Communications, a printing company, as a materials handler since 1987 and later worked as a bindery operator for the company. On April 2, 2019, he kneeled to pick up paper that had fallen to the floor. When he stood up, he felt a pop and immediate pain in his right knee. Approximately two weeks later, Dr. Daniel Hackett, an orthopedic surgeon, performed surgery to repair Winchester's meniscus. Winchester later re-injured his knee, and Dr. Hackett performed a second surgery on October 1, 2019.

Despite physical therapy and injections, Winchester continued to experience knee pain. In August 2020, inconclusive MRIs led Winchester to seek treatment with Dr. Samuel Coy. Dr. Coy noted meniscal degeneration and recommended aquatic therapy, injections, and possibly exploratory surgery. Winchester saw Dr. Coy again on November 30, 2020, and reported some relief from the injections and improvement in his pain and swelling. He still reported pain when using stairs. In his report, Dr. Coy stated "[a]t this point his knee does not bother him enough to consider any further intervention." Dr. Coy placed Winchester at maximum medical improvement (MMI) and imposed permanent restrictions, such as no kneeling, squatting or prolonged sitting or standing.

Prior to his first visit with Dr. Coy, LSC sent Winchester to Dr. Frank Bonnarens for an examination. Dr. Bonnarens diagnosed a bucket-handle tear of the meniscus with evidence of recurrent tear. Dr. Bonnarens recommended another knee surgery and determined Winchester could not return to his prior work for LSC. Dr. Bonnarens assessed a 1% impairment if Winchester did not have another surgery.

On December 2, 2020, LSC sent Winchester a letter informing him that it was terminating his temporary total disability (TTD) benefits based on Dr. Coy's report that placed Winchester at MMI as of November 30, 2020. Winchester filed Form 101, initiating his workers' compensation claim, on February 27, 2021, after he received the letter terminating his TTD benefits. LSC ultimately terminated Winchester from employment for taking too much time off work.

Winchester saw Dr. Akbar Nawab on July 23, 2021, complaining of increased pain with walking and feeling like his knee was "catching." During that appointment, Dr. Nawab noted that September 2020 MRI demonstrated a possible meniscal tear. Dr. Nawab ordered an MRI which showed a right knee meniscal tear, which lead Dr. Nawab to recommend surgery. The knee surgery was postponed due to discovery of a heart condition which required a separate surgery. Ultimately, Dr. Nawab performed a right partial medial meniscectomy on April 26, 2022. During a follow-up appointment on July 26, 2022, Winchester reported improvement in his right knee symptoms and no limitations on activities of daily living except for some discomfort going

downstairs. Dr. Nawab placed Winchester at MMI, assessed a 1% impairment rating, and did not impose any permanent restrictions.

Before the ALJ, Winchester argued he did not reach MMI until Nr. Nawab released him on July 15, 2022. Conversely, LSC argued Winchester reached MMI and his condition stabilized after Dr. Coy released him on November 30, 2020, and remained at MMI until his third surgery with Dr. Nawab on April 26, 2022. The ALJ determined that Winchester's knee injury was not stabilized when Dr. Coy released him from treatment, as evidenced by Dr. Nawab scheduling Winchester for surgery approximately seven months after that release. Further, a July 31, 2021 MRI showed a meniscal tear. According to the ALJ, Winchester also provided credible testimony that his right knee pain and symptoms continued after Dr. Coy released him, which the ALJ concluded was consistent with other medical testimony. The ALJ also found persuasive the fact that Winchester did not return to any employment until Dr. Nawab released him on July 15, 2022. The ALJ opined that Winchester reached MMI on July 15, 2022 and awarded TTD benefits from April 2, 2019 through July 15, 2022 at a rate of $587.11 per week. LSC filed a petition for reconsideration which the ALJ denied.

On appeal to the Workers' Compensation Board, LSC asserted that the ALJ erred in concluding, pursuant to Dr. Nawab's opinion, that Winchester did not reach MMI until July 15, 2022. The Workers' Compensation Board (Board) affirmed the ALJ, reasoning that an ALJ has discretion to choose which medical opinion to rely upon regarding the date a claimant reaches MMI. The

4

Board emphasized the evidence the ALJ relied upon, such as Dr. Nawab scheduling a third surgery only seven months after Dr. Coy released Winchester, the fact that Winchester's September 2020 MRI was inconclusive, and that Dr. Coy released Winchester but imposed several permanent restrictions. The Board opined that the ALJ's MMI determination was supported by substantial evidence.

LSC appealed to the Court of Appeals and the appellate court agreed with the Board that substantial evidence supported the ALJ's decision regarding the MMI date. The Court of Appeals reasoned that the ALJ was well within her discretion to rely on the physicians' opinions and draw reasonable inferences regarding MMI from Winchester's testimony and Dr. Nawab's records. This appeal followed.

## ANALYSIS

The sole issue in this appeal is whether the ALJ erred in concluding that Winchester did not achieve MMI until July 15, 2022. In a workers' compensation case, the claimant has the burden of proving every element of his claim. *Gibbs v. Premier Scale Co./Ind. Scale Co.,* 50 S.W.3d 754, 763 (Ky. 2001). Where the party with the burden of proof was successful before the ALJ, the issue on appeal is whether substantial evidence supported the conclusion. *Whittaker v. Roland,* 998 S.W.2d 479, 481 (Ky. 1999). Because Winchester satisfied his burden of proving his injuries were work-related and compensable, LSC must show that no substantial evidence supported the ALJ's findings, particularly with regard to the date Winchester reached MMI. *Special*

5

*Fund v. Francis,* 708 S.W.2d 641, 643 (Ky. 1986). Substantial evidence is evidence of "substance and relevant consequence" having fitness to induce conviction in the minds of reasonable people. *Miller v. Tema Isenmann, Inc.,* 542 S.W.3d 265, 270 (Ky. 2018) (quoting *Smyzer v. B.F. Goodrich Chem. Co.,* 474 S.W.2d 367, 369 (Ky. 1971)). Therefore, we are tasked with determining whether substantial evidence supported the ALJ's determination that Winchester did not reach MMI until July 15, 2022.

KRS 342.0011(11)(a) defines TTD as "the condition of an employee who has not reached maximum medical improvement from an injury and has not reached a level of improvement that would permit a return to employment." "The purpose for awarding income benefits such as TTD is to compensate workers for income that is lost due to an injury, thereby enabling them to provide the necessities of life for themselves and their dependents." *Double L Const., Inc. v. Mitchell,* 182 S.W.3d 509, 514 (Ky. 2005). Here, the ALJ awarded TTD benefits from April 2, 2019, the date of injury, through July 15, 2022, the date the ALJ determined Winchester achieved MMI. "[A]n employee may receive TTD benefits until they either (a) reach MMI, or (b) improve to the point that they can 'return to employment.'" *Davis v. Blendex Co.,* 626 S.W.3d 523, 529 (Ky. 2021). So the ALJ awarded TTD benefits until the date she opined Winchester reached MMI.

In this case, there are two competing MMI dates: November 30, 2020, as assigned by Dr. Coy, and July 15, 2022, as assigned by Dr. Nawab. The determination of when a claimant reaches MMI is a medical question to be

6

answered by medical experts. *Arnold v. Toyota Mfg.,* 375 S.W.3d 56, 61 (Ky. 2012). LSC argues that Winchester failed to present any evidence that he was not at MMI from November 30, 2020 through April 26, 2022 when Dr. Nawab performed Winchester's third surgery. But the burden to prove all elements of a workers' compensation claim should not be viewed in the negative. It was Winchester's burden to prove when he reached MMI, not all the periods in which he was not at MMI.

The record contains substantial evidence to support the ALJ's conclusion that Winchester was not at MMI on November 30, 2020. On July 1, 2020, Dr. Hackett, who performed two of Winchester's surgeries, stated there may be issues with Winchester's knee causing his limitations. An August 18, 2020 MRI continued to show torn and displaced meniscal tissue with internal cyst formation. In Dr. Bonnarens' report dated August 21, 2020, he noted that the latest MRI confirmed tears of the meniscus and cyst formation. He also opined that Winchester did not have the physical capacity to return to the same type of work he performed at the time of the incident and recommended additional surgery.

Notably, when Dr. Coy released Winchester from treatment, he imposed permanent and significant restrictions, such as no kneeling, squatting, or crawling, and no prolonged periods of standing or sitting. Winchester testified that his job routinely required him to be on his feet for approximately ten hours of his twelve-hour shifts. Winchester also stated that he did not believe he could return to his job at LSC because of the significant amount of time he

was required to kneel, crawl, stand on concrete, and walk. Dr. Bonnarens also opined that Winchester did not have the capacity to return to the same type of work he performed at the time of his injury.

The ALJ also explained her opinion that Winchester's knee was not stabilized when Dr. Coy released him from care because seven months later, Dr. Nawab scheduled a surgery. The ALJ relied on the fact that initially, Dr. Coy released Winchester from care with permanent restrictions. However, after Winchester's third surgery, he was released by Dr. Nawab without any permanent restrictions. This supports the contention that Winchester had not reached MMI as of November 30, 2020.

Winchester's testimony also supports the ALJ's conclusion that he had not reached MMI as of November 30, 2020. Winchester clarified that when Dr. Coy placed him at MMI on November 30, 2020, Dr. Coy's treatment note stated, "his knee does not bother him enough to consider any further intervention." In his deposition, Winchester testified that this was not accurate, and that Winchester simply did not want to undergo any further intervention with Dr. Coy's office. Further, Winchester stated that his right knee pain and symptoms continued after Dr. Coy released him. In addition, Winchester did not return to any type of employment until after Dr. Nawab released him following his third surgery, which the ALJ opined constituted further evidence that Winchester was not at MMI on November 30, 2020.

ALJs are often presented with conflicting medical evidence in adjudicating workers' compensation claims. This Court has consistently

8

upheld decisions in which ALJs were required to weigh conflicting evidence to reach conclusions. *See Toikco (USA) Inc. v. Kelly,* 281 S.W.3d 771 (Ky. 2009) (affirming an ALJ's determination that one expert's assessed impairment rating was more credible than a conflicting expert's assessed impairment rating); *Staples v. Konvelski,* 56 S.W.3d 412 (Ky. 2001) (affirming an ALJ's determination that the claimant suffered both physical and psychological work-related injuries, despite contrary medical evidence). "[T]he sole authority to decide which witness to believe resides with the ALJ." *Id.* (citation omitted).

LSC further argues that when Dr. Coy placed Winchester at MMI on November 30, 2020, there was no conflicting evidence regarding MMI—that Dr. Coy's opinion was the only medical opinion to date regarding MMI. But LSC's argument would require an ALJ and all other entities reviewing workers' compensation claims to view claims in a vacuum, and to treat one medical expert's opinion as if it is the only opinion. LSC wants this Court to treat Dr. Coy's opinion that Winchester reached MMI on November 30, 2020, as if it stopped the TTD clock since it was the only MMI opinion at the time. However, such an approach would be nonsensical, entirely one-sided, and obviate the very nature of adjudicating a workers' compensation claim and allowing injured employees and employers to present evidence in support of their positions. That interpretation of our workers' compensation system would completely undercut a claimant and employer's ability to consult medical experts, generate evidence, and present it to the ALJ or a reviewing entity for consideration and resolution of the issues upon filing a workers' compensation claim. Our

9

workers' compensation jurisprudence has certainly endorsed a process in which an ALJ can "look back," having considered medical testimony, claimant testimony, and all evidence of record, and determine an MMI date based on medical opinions. When a medical professional renders an opinion as to MMI, it does not mean that the claim ends or that the sole opinion is determinative of a benefit award period.

Despite Dr. Coy placing Winchester at MMI on November 30, 2020, the ALJ appropriately found that other medical evidence of record supported the alternative conclusion that Winchester did not reach MMI until July 15, 2022. The ALJ, as factfinder, has the sole authority to determine the quality, character and substance of the evidence. *Square D Co. v. Tipton,* 862 S.W.2d 308, 309 (Ky. 1993). An ALJ's findings of fact are afforded considerable deference on appellate review and "will not be set aside unless the evidence compels a contrary finding." *Plumley v. Kroger, Inc.,* 557 S.W.3d 905, 909 (Ky. 2018) (citation omitted). We agree with the Court of Appeals that substantial evidence supported the ALJ's decision regarding the date Winchester achieved MMI.

## CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

10

COUNSEL FOR APPELLANT:

Kelley D. Gray
Pohl Aubrey Gray, PSC

COUNSEL FOR APPELLEE, ARTIE WINCHESTER:

Stephanie N. Wolfinbarger
Cotton Wolfinbarger & Associates, PLLC

ADMINISTRATIVE LAW JUDGE:

Hon. Amanda Perkins

WORKERS' COMPENSATION BOARD:

Hon. Michael Wayne Alvey
Chairman